UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLOTTE BRYANT                                    07 cv 10505
                              Plaintiff,         (Crotty, Judge)
                                            **COMPLAINT**

      -against-

                                       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, AND
CAPTAIN OF CORRECTIONS WILLIAM INMAN
SHIELD # 1258
                            Defendant(s).
-------------------------------------------------------------------X

        The plaintiff, complaining of the defendants, by her attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by 42 U.S.C. § 2000e-2(a) & 2000e-3(a) i.e., Title VII, as well as pursuant to the laws of the State and City of New York.

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4).

4     Jurisdiction for plaintiff's state claims is appropriate pursuant to 28 U.S.C. Section 1367.

5     The individual defendant herein is sued both in his individual and official capacity.

6     Venue is appropriate pursuant to 28 U.S.C. Section 1391(b) (1 & 2).

7     That on or about April 9, 2007, a notice of claim was served on the Comptroller of the City of New York, and that as of this date, plaintiff's demand for payment has not yet been addressed by the defendants.

8       That a 50H Hearing was conducted on November 8, 2007.

9       That this cause of action is commenced within one year and ninety days of when this cause of action arose.

10      That the defendant NYC is vicariously liable to the plaintiff for the individual defendant's common law torts via the principle of respondeat superior.

11      That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

12      That a notice of plaintiff's complaint for violation of Title VII via sexual harassment was filed with the EEOC on or about March 21, 2007..

13      That the EEOC provided a right to sue letter to the plaintiff dated August 22, 2007 and which was received by the plaintiff several days after that date.

## PARTIES

14      The plaintiff, CHARLOTTE BRYANT, resides in New York City and is employed by the City of New York's Department of Corrections (DOCS) as a corrections officer.

15      That Defendant CAPTAIN WILLIAM INMAN # 1258, is employed by DOCS as a Captain of Corrections.

16      Upon information and belief, that at all times hereinafter mentioned, the defendant NEW YORK CITY (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

17      Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants, and employees employed, operated, maintained, and controlled DOCS, including all the officers thereof.

18    That defendant NYC is ultimately responsible for the policies, practices, and customs of DOCS, as well as the hiring, screening, training, supervising, controlling, and disciplining of DOCS employees.

19    The defendant NYC employs more than fifteen employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar year in its agency, the DOCS.

20    Each and all of the acts of the defendants alleged herein were performed by the defendants, their agents, servants, and employees acting under the color and pretense of the statutes, ordinances, regulation, customs, and usages of the State of New York, the City of New York, and under the authority of their office as members of the DOCS.

21    The defendant NYC is vicariously liable for the torts committed pursuant to New York law by its agents and employees in the course of their employment.

## STATEMENT OF FACTS

22    During the fall of 2005 plaintiff was assigned to the North Infirmary Command (NIC) on Rikers Island.

23    Defendant Captain Inman, who was already acquainted with the plaintiff came to NIC and asked the plaintiff for her cell phone number which she was obliged to provide to her superior officer.

24    Plaintiff was subsequently transferred to the BKDC, where Inman worked.

25    Beginning in the fall of 2006, plaintiff began receiving numerous personal calls from Inman.

26    Inman called plaintiff and informed her that supervisors and officers were talking about her sleeping with him and Inman explicitly informed plaintiff he would not mind if it happened.

27   Plaintiff informed Inman that his actions were inappropriate.

28   Inman continued to place personal calls to plaintiff while she was at work which were not work related.

29   Inman began grabbing the plaintiff and kissing her hello on the job.

30   Inman began hugging the plaintiff on the job.

31   Inman was making frequent comments about plaintiff's appearance and about her being physically attractive.

32   Inman was asking plaintiff to come to his private work area for non work related purposes where the two of them would be alone, which plaintiff refused to do.

33   Inman talked to the plaintiff frequently about his alleged sexual escapades.

34   Inman incessantly spoke to plaintiff about sleeping with various women, mostly his subordinates at work.

35   Inman informed the plaintiff that anyone who got with him knew that he was a freak in bed.

36   Inman informed the plaintiff, that one of her coworkers was performing oral sexual acts on him.

37   In December of 2006, Inman told one of the ADW's that plaintiff is definitely wife material.

38   Inman called plaintiff and told her, "If I do not get any more pussy for the rest of my career I have had enough."

39   On December 13, 2006, Inman asked plaintiff to escort him to the Captain's Christmas party, despite Inman knowing she was married and plaintiff refused as she had with all of the previous

advances Inman had made towards her.

40    Inman became irritated after plaintiff refused his latest advance towards her.

41    On December 22, 2006, Inman again asked plaintiff to come and see him, this time while she was off duty, she declined and Inman again became noticeably irritated and hostile.

42    Plaintiff was subsequently transferred to a less desirable elevator post.

43    Subsequently, Inman led plaintiff's co workers to believe that they were having to man less desirable posts due to plaintiff's actions.

44    On January 5, 2007 fellow officer Gamble told plaintiff, Inman said he had slept with the plaintiff, which was not true.

45    On January 7, 2007, plaintiff and Gamble engaged in a three way call with Inman, without Inman knowing plaintiff was on the line.

46    With plaintiff able to hear him speaking, Inman repeated the defamatory falsehood that he had slept with the plaintiff with Gamble present on the phone.

47    Inman went out of his way to give the impression to plaintiff's co workers that he was being intimate with her.

48    Inman repeated the defamatory statement to several officers and it became so well spread within DOCS the falsehood even was repeated to plaintiff's husband who is a DOCS captain working in another building.

49    Plaintiff's husband hearing the false defamatory statements promulgated by Inman had a detrimental effect on the couple's relationship.

50	Plaintiff was being ridiculed by her fellow officers who had heard the false defamatory rumors promulgated by Inman.

51	Plaintiff became embarrassed, humiliated and emotionally upset at the environment she was being subjected to at work as well as the repeated unwanted advances Inman was subjecting her to.

52	From September, 2006- February 07, 2007 plaintiff's assigned post was reassigned nearly every day, primarily due to the influence of Inman who still wanted plaintiff to sleep with him.

53	In January of 2007 plaintiff complained to a supervisor and was told that if she filed a formal report plaintiff would be transferred because plaintiff is an officer and Inman is a captain, which dissuaded plaintiff from proceeding at that time.

54	In September of 2007, plaintiff was brought up on false charges due to her bringing this matter to the attention of the EEOC.

55	Since plaintiff filed her EEOC complaint she has been transferred frequently, brought up on false charges and subjected to disparate and worse treatment than other similarly situated officers due to her rejecting the unwelcome persistent advances and inappropriate attention of Inman and due to her complaining to the EEOC.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
TITLE VII i.e., 42 U.S.C. § 2000e-2(a) & § 2000e-3(a),
NEW YORK STATE EXECUTIVE LAW § 296 et seq and §§ 8-107 et seq.
and 8-502(a) OF THE ADMINISTRATIVE
CODE OF THE CITY OF NEW YORK**

56	Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57      That the plaintiff's rights were violated pursuant to Title VII i.e., 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a) the New York State Executive Law § 296 and pursuant to §§ 8-107 et seq. and 8-502(a) of the Administrative Code of the City of New York in that the plaintiff has been sexually harassed by the defendant Inman an agent of defendant NYC and retaliated against for complaining about said harassment.

58      The plaintiff was subjected to sexual harassment that created an intimidating, hostile, and offensive working environment.

59      That such harassment was severe pervasive and unwelcome.

60      That defendant Inman was in a position to adversely affect the terms and conditions of plaintiff's employment.

61      The defendant NYC knew of and disregarded Captain Inman's propensity to sexually harass and annoy other DOCS employees.

62      As a direct result of the defendants' acts, plaintiff suffered numerous harms including, but not limited to, emotional harms, her relationship with her husband was damaged, plaintiff was subjected to a hostile work environment , plaintiff was disciplined without just cause and that she was otherwise harmed.

63      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, she is entitled to an award of punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 2000e-5k as well as pursuant to the Administrative Code of the City of New York § 8-502 (f).

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### DEFAMATION PER SE

64  Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65  That as a result of Inman's false and malicious statements whereby he falsely alleged the plaintiff, a married woman, was having sexual relations with him, plaintiff was subjected to a defamation per se.

66  That Inman's false statement was maliciously made and knowingly incorrect with reckless indifference to the harm it was doing to the plaintiff and with malicious intent to the plaintiff who refused his advances.

67  That Inman's per se defamatory statements have branded plaintiff as an unchaste woman, an adulterer and a person of generally low morals and that her reputation and her professional standing in the corrections community have been damaged due to the false statements.

68  That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed FOUR MILLION ($4,000,000.00) DOLLARS and that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, an award of punitive damages and an award of attorneys' fees on the First Cause of Action and FOUR MILLION ($4,000,000.00) DOLLARS and punitive damages on the Second Cause of Action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
      November 20, 2007

                                              _____
                                              FRED LICHTMACHER (FL-5341)
                                              Attorney for Plaintiff
                                              The Empire State Building
                                              350 5th Avenue Suite 7116
                                              New York, New York 10118
                                              (212) 922-9066
                                              Fax # (212) 922-9077