UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHARLOTTE BRYANT,

                              Plaintiff,            **ANSWER**

                -against-                           07 Civ. 10505 (PAC)

THE CITY OF NEW YORK AND CAPTAIN OF
CORRECTIONS WILLIAM INMAN, SHIELD #1258,

                              Defendants.

------------------------------------------------------------------------ x

       Defendants City of New York and Captain William Inman, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports invoke the jurisdiction of this Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to state the basis forvenue in this Court as set forth therein.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit, upon information and belief, that in or around April 2007 the New York City Comptroller's Office received a Notice of Claim on plaintiff's behalf and that, to date, no payments or adjustments have been made.

8.      Admit the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit, upon information and belief, that plaintiff's charge of sexual harassment was received by the Equal Employment Opportunity Commission ("EEOC") in or about March 2007.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit, upon information and belief, that the EEOC issued a right to sue letter with respect to plaintiff's charge of sexual harassment on or about August 22, 2007.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff is employed by the New York City Department of Correction ("DOC") as a Correction Officer.

15.     Deny the allegation set forth in paragraph "15" of the complaint, except admit that William Inman is employed by DOC as a Correction Captain.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Defendants state that paragraph "18" contains no averments of fact and, accordingly, no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that the City of New York employs more than 15 persons for each working day in each of twenty or more calendar weeks in the current and preceding calendar year within DOC.

20.     Defendants state that paragraph "20" contains no averments of fact and, accordingly, no response is required.

21.     Defendants state that paragraph "21" contains no averments of fact and, accordingly, no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Admit the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint except admit that plaintiff was assigned to work at the DOC's Brooklyn Division Command (BKDC) beginning on or around February 21, 2006.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "55" inclusive of their answer, as is fully set forth herein.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "63" inclusive of their answer, as is fully set forth herein.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

### AS AND FOR A FIRST DEFENSE

69.    The complaint fails to state a claim upon which relief may be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE:

70.    Plaintiff's claims under Title VII are time-barred because, upon information and belief, plaintiff commenced this action more than 90 days after receipt of a right to sue letter from the EEOC.

### AS AND FOR A THIRD DEFENSE

71.    Any claims of harassment and/or discrimination in the complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of her charge of harassment and/or discrimination with the EEOC are time-barred.

### AS AND FOR A FOURTH DEFENSE

72.    Plaintiff's other claims are time-barred in whole or in part.

### AS AND FOR A FIFTH DEFENSE

73.    Any Title VII claims contained in the federal complaint which were not also contained in plaintiff's charge of harassment and/or discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

### AS AND FOR A SIXTH DEFENSE:

74.    Defendant Inman is not subject to suit under Title VII.

### AS AND FOR A SEVENTH DEFENSE:

75.    Plaintiff's state law claims fail to state a cause of action since plaintiff has failed to comply with notice of claim requirements in whole or in part.

## AS AND FOR AN EIGHTH DEFENSE

76.     Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

## AS AND FOR A NINTH DEFENSE

77.     The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A TENTH DEFENSE:

78.     Defendant City of New York exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.   Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the defendant City of New York or to otherwise avoid harm.

## AS AND FOR AN ELEVENTH DEFENSE:

79.     Plaintiff has failed to plead the particular words complained of in connection with plaintiff's claim for defamation as required by CPLR § 3016(a).

## AS AND FOR A TWELFTH DEFENSE:

80.     Plaintiff has failed to plead any special damages.

## AS AND FOR A THIRTEENTH DEFENSE:

81.     Defendants are absolutely and/or qualifiedly immune from liability for damages in connection with plaintiff's claim for defamation.

## AS AND FOR A FOURTEENTH DEFENSE:

82.     Defendants are entitled to an absolute or, in the alternative, a qualified privilege for the statements they are alleged to have made.

**WHEREFORE**, defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              January 28, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-108
                              New York, New York 10007
                              (212) 788-0879

                           By:      _Basil C. Sitaras_ (signature)
                              Basil C. Sitaras (BS-1027)
                              Assistant Corporation Counsel
                              bsitaras@law.nyc.gov

To:    Fred Lichtmacher, Esq.
       Attorney for Plaintiff
       The Empire State Building
       350 5th Avenue, Suite 7116
       New York, New York 10113
       (212) 922-9066

Docket No. 07 Civ. 10505 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLOTTE BRYANT,

Plaintiff,

-against-

THE CITY OF NEW YORK AND CAPTAIN OF
CORRECTIONS WILLIAM INMAN, SHIELD
#1258,

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-108*
*New York, NY 10007*

*Of Counsel:  Basil C. Sitaras*
*Tel:  (212) 788-0879*
*Matter No. 2007-038699*

*Due and timely service is hereby admitted*

*New York, N.Y.* ........................ *, 200 . . .*

........................................................ *Esq.*

........................................................

*Attorney for* ........................................